# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **H.G. and K.G.**

**No. 18-0743** (Roane County 17-JA-133 and 17-JA-134)

**FILED**

**April 19, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father K.S., by counsel Lauren A. Estep, appeals the Circuit Court of Roane County's July 25, 2018, order terminating his parental rights to H.G. and K.G.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Betty Clark Gregory, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2017, the DHHR filed an abuse and neglect petition alleging that petitioner and his live-in girlfriend failed to provide necessary food, clothing, shelter, and supervision for the children. Specifically, the DHHR alleged that the home was in a deplorable and dangerous condition. A Child Protective Services ("CPS") worker observed "excessive clutter, prescription bottles and animal waste strewn throughout the home." The DHHR further alleged that a bathroom was used to keep chickens and one bedroom was used to house cats. The children did not have a proper bedroom and slept on a couch. The CPS worker reported "an

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner does not raise an assignment of error regarding the termination of his parental rights.

overwhelming odor of animal . . . feces" in the home. Additionally, in December of 2017, the children were sent home from school with head lice. The DHHR alleged that the condition of the home caused the children emotional trauma. The children reported that they were embarrassed by the way their clothes smelled and that showering did not help eliminate the smell. They were also embarrassed that they were sent home from school for having lice. The CPS worker also observed "excessive clutter outside the family home that caused safety hazards" to the children.

Subsequently, an amended petition was filed to include allegations that petitioner has a substantial criminal history in Ohio and Pennsylvania and that he made numerous harassing and threatening social media posts regarding the removal of the children. Additionally, the DHHR alleged that his parental rights to at least one other child were involuntarily terminated. Further, the amended petition alleged that petitioner's girlfriend's rights to a disabled son were involuntarily terminated in Kanawha County, West Virginia, due, in part, to allegations of sexual abuse. On January 29, 2018, petitioner stipulated to the allegations of abuse and neglect and moved for a post-adjudicatory improvement period.

On June 4, 2018, the circuit court held a dispositional hearing. Petitioner testified that he was unable to see his shortcomings as a parent and blamed others for his problems. He admitted to being arrested at least fifteen times for criminal activity. Petitioner's psychological evaluation was admitted into evidence, which indicated "a significant attempt to conceal information, to minimize his responsibility, to deny critical issues, and to skew his responses to present himself in an unrealistically positive manner." The report concluded that petitioner had no motivation for improvement, and that his prognosis for parental improvement was "extremely poor." Petitioner's girlfriend testified that the home was cleaned after the children were removed and that she planned to keep it in "good condition." After hearing evidence, the circuit court denied petitioner's motion for a post-adjudicatory improvement period and found that despite his admissions at adjudication, petitioner "failed to acknowledge that any of his behaviors or conduct caused this case to be filed and his children to be in state custody." The circuit court further found that petitioner was unwilling to work with his girlfriend to clean the house or "even pick up after himself. He denies any shortcomings, and says that he needs others to point them out to him. He has gone to great lengths to try to convince this Court that he is the victim, when, in fact, he has been the perpetrator." Moreover, the circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the termination of petitioner's parental rights was necessary for the children's welfare. Ultimately, the circuit court terminated petitioner's parental rights in its July 25, 2018, dispositional order.[3] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the

---

[3]Petitioner's girlfriend's custodial rights to the children were also terminated and the children's mother voluntarily relinquished her parental rights. According to respondents, the permanency plan for the children is adoption by their maternal aunt.

facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

In his sole assignment of error, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period. Petitioner claims that he and his girlfriend "cleaned the home almost immediately upon the children's removal" and that the guardian visited the home thereafter, found that the parties had made "great progress," and did not find any "obvious safety hazards in the home." Petitioner also notes that he testified at the dispositional hearing that he was willing to participate in services. However, we do not find his argument compelling.

Pursuant to West Virginia Code § 49-4-610(2)(B), a circuit court may grant a parent an improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." Additionally, "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015).

Here, petitioner failed to demonstrate by clear and convincing evidence that he would be likely to fully participate in an improvement period. Although he claims the house was cleaned after the children were removed, the circuit court found that petitioner did not help his girlfriend clean the home and that he failed to make any improvements during the proceedings.

We have held that

[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). The record shows that petitioner was unable or unwilling to recognize his shortcomings as a parent and blamed others for his problems. The

circuit court specifically found that petitioner "failed to acknowledge that any of his behaviors or conduct caused this case to be filed and his children to be in state custody." Because petitioner failed to acknowledge the conditions of abuse and neglect or take responsibility for his actions, it is clear that the issues could not be remedied. Based on this evidence, we find no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 25, 2018, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**:  April 19, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

4